### Albert NELSON v. STATE.
### No. 14429.

Court of Criminal Appeals of Texas.
Nov. 4, 1931.

Dave Miller, of Fort Worth, for appellant.
Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for manufacturing intoxicating liquor; punishment, two years in the penitentiary.

We find in this record neither statement of facts nor bills of exception. The indictment, the judgment, and sentence appear to be regular, and, no error appearing, the judgment will be affirmed.

### H. J. PARKER v. STATE.
### No. 14185.

Court of Criminal Appeals of Texas.
Oct. 21, 1931.

Davidson, Blalock & Blalock, of Marshall, for appellant.
John E. Taylor, Co. Atty., and Benjamin Woodall, Asst. Co. Atty., both of Marshall, and Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, J.

The offense is operating a moving picture show on Sunday; the punishment, a fine of $50.

In his written motion filed in this court appellant requests that the appeal be dismissed.

The appeal is dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### Filmore PARMER v. STATE.
### No. 14599.

Court of Criminal Appeals of Texas.
Oct. 14, 1931.

J. H. Baker, of San Saba, for appellant.
Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for theft of sheep; punishment, two years in the penitentiary.

The record is before us without any statement of facts or bills of exception. All formal matters appear to be regular.

The judgment will be affirmed.

### Mrs. Gentry PATRICK v. STATE.
### No. 14433.

Court of Criminal Appeals of Texas.
Nov. 4, 1931.

Hughes & Monroe, of Dallas, for appellant.
Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

The offense is negligent homicide; penalty assessed at a fine of $50.

The facts before the trial court are not brought up for review. There are no bills of exception complaining of the rulings of the court save exceptions to the charge of the court. This court is unable to appraise the complaints of the charge of the court in the absence of knowledge of the facts to which the charge related. There is no brief pointing out any errors in the trial, and none have been perceived.

The judgment is affirmed.